UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SERENA RUIZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIAN GOTTLIEB, )<br>)<br>Defendant. ) | No. 1:26-cv-24-TRM-MJD |

### REPORT AND RECOMMENDATION

This case is filed pro se and without prepayment of fees by Plaintiff Serena Ruiz ("Plaintiff"). Currently before the Court are Plaintiff's application to proceed *in forma pauperis* ("IFP") [Doc. 1], and Plaintiff's complaint [Doc. 2], which is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). As set forth below, Plaintiff has failed to state a proper claim over which this Court has jurisdiction. The Court will therefore recommend this case be dismissed and Plaintiff's IFP application be denied as moot with no filing fee assessed.

### I.     STANDARDS

A plaintiff may commence a civil action in federal court without prepaying the administrative costs of the suit if the plaintiff demonstrates they are financially unable to do so. 28 U.S.C. § 1915(a). However, a district court is required to dismiss the civil action, or portion thereof, if the court determines the complaint is frivolous or fails to state a claim upon which relief can be granted, or if the IFP plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). But it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In other words, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358–59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

In applying these standards, the Court also considers that the pleadings of pro se litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

2

Finally, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). If at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II. ANALYSIS

Plaintiff is attempting to sue Brian Gottlieb ("Defendant"). She does not provide Defendant's address or any information whatsoever regarding Defendant's identity or why she is attempting to sue Defendant. Her complaint reads in its entirety:

> 1. Defendant, what others described as kind-hearted, failed to remain the same when doing his job,
>
> 2. When adjudicating issues, he showed tardiness, leaving things undecided,
>
> 3. Plaintiff requests an issuance of mandamus for Brian Gottlieb to resolve the backlog as soon as possible, which this Court has jurisdiction.
>
> I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

[Doc. 2 at Page ID # 4]. Plaintiff has recently filed at least ten other lawsuits against Defendant in various district courts throughout the United States within the past week, all with identical complaints and all filed IFP. For example, on January 30, 2026, alone, she filed Case No. 3:26-cv-03035-SEM-DJQ in the Central District of Illinois, Case No. 4:26-cv-40017-DHH in the District of Massachusetts, and Case No. 3:26-cv-00077-wmc in the Western District of Wisconsin. She filed at least seven more identical cases against Defendant on February 2, 2026, which can be viewed on PACER.gov.

Plaintiff clearly has not stated a claim or even attempted to do so. She does not include any allegations regarding the basis for her claim or the Court's jurisdiction. And given that Plaintiff, who claims to live in Las Vegas, has filed at least three other, identical lawsuits in the past week (without paying the filing fee) in Massachusetts, Illinois, and Wisconsin, the Court finds it clear that this action, filed in the Eastern District of Tennessee, is completely frivolous.

As such, the Court finds justice would not be served by requiring Plaintiff to file an amended complaint in this case. *See* Fed. R. Civ. P. 15; *see also Neitzke*, 490 U.S. at 327 (reasoning that the screening procedure required by § 1915 "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits"). Furthermore, because the Court will recommend Plaintiff's case be dismissed in its entirety, it is unnecessary to discuss the deficiencies in Plaintiff's IFP application in any detail[1] or to require Plaintiff to file a corrected IFP application. Rather, Plaintiff's case should be dismissed with no filing fee assessed, and her IFP application should be terminated as moot.

---

[1] For example, although Plaintiff represents she earns $950 in income per month, she refuses to identify her employer and instead writes, "cannot tell." [*See* Doc. 1 at Page ID # 1].

## III. CONCLUSION

For the reasons set forth above, the Court respectfully **RECOMMENDS**[2] that Plaintiff's case be **DISMISSED** and this case closed. Plaintiff's IFP should be **DENIED AS MOOT** with no filing fee assessed.

ENTER:

/s/ 
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).